STEVEN W. MYHRE
Acting United States Attorney
RICHARD ANTHONY LOPEZ
Assistant United States Attorney
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702.388.6551 / Fax: 702.388.6418
richard.lopez2@usdoj.gov

*Representing the United States of America*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:17-cr-00258-APG-GWF |
| Plaintiff, | STIPULATION FOR PROTECTIVE ORDER |
| v. | |
| JOCELYN CAPRICE PINEDA et al., | |
| Defendants. | |

IT IS HEREBY STIPULATED AND AGREED, by and between Steven W. Myhre, Acting United States Attorney, and Richard Anthony Lopez, Assistant United States Attorney, counsel for the United States of America, James A. Oronoz, counsel for Defendant Jocelyn Caprice Pineda, Chris T. Rasmussen, counsel for Defendant Alan Rodriguez, and Raquel Lazo, Assistant Federal Public Defender, counsel for Defendant Jason Lee Roberts, that this Court issue this Protective Order, which (as outlined herein) protects from disclosure to the public any discovery documents containing personal identifying information (PII) of participants, witnesses, and victims.

In support of this Stipulation, the parties state and agree as follows:

1. Discovery in this case contains more than 2,000 pages of documents. PII contained in the discovery includes but is not limited to social security numbers, dates of birth, identification numbers, financial account numbers, and home addresses. Documents containing PII are hereinafter referred to as Protected Documents.

2. Protected Documents in this case include but are not limited to: (a) both opened and unopened mail; (b) credit cards, debit cards, and other access devices as defined by 18 U.S.C. § 1029(e)(1); (c) identification documents as defined by 18 U.S.C. § 1028(d)(3); and (d) notebooks containing PII.

3. Given the nature of the charges against the defendants and the fact that the Government will use Protected Documents in its case in chief at any trial, the defense team requires access to the Protected Documents. Because redacting all PII from the discovery would prevent the timely disclosure of discovery to the defendants, the parties agree to abide by the conditions in this Protective Order.

4. The Government will provide non-redacted Protected Documents in a separate volume from discovery that does not contain PII. Any volumes of Protected Documents will be clearly marked as subject to this Protective Order.

5. Access to Protected Documents will be restricted to attorneys of record and their paralegals, investigators, experts, secretaries, file clerks, law clerks, contractors, vendors, IT Department, and copy centers employed by the attorneys of record or performing work on behalf of defendants, and any person authorized by the Court (hereinafter referred to collectively as Authorized Persons).

6. The defendants in this case are not Authorized Persons.

7. Unless ordered by the Court, an Authorized Person shall not:

    a. make copies of any Protected Document (or permit copies to be made) for any person who is not an Authorized Person;

    b. allow any person who is not an Authorized Person to read any Protected Document;

    c. disclose any PII contained within a Protected Document to any person who is not an Authorized Person; and

    d. use any Protected Document for any purpose other than preparing to prosecute or defend against the charges in the indictment or any further superseding indictment arising out of this case.

8. Notwithstanding the restrictions in Paragraph 7 above, the defendants may review Protected Documents with (and in the presence of) an Authorized Person. However, Protected Documents (or any copies) shall not be left in the custody of any defendant or detention facility. In addition, the defendants shall not record or copy any PII contained within any Protected Document at any time.

9. A redacted copy of a Protected Document that the parties agree redacts the PII contained therein is not subject to the restrictions in this Protective Order.

10. Any Authorized Person disclosing Protected Documents to another Authorized Person pursuant to this Protective Order or any other Court Order must notify them of the existence and terms of this Protective Order.

11. The restrictions herein shall not restrict the use or introduction of any Protected Document as evidence during any hearing or trial of this matter. Any such

document must comply with the redaction requirements of Federal Rule of Criminal Procedure 49.1 and Local Rule IC 6-1.

12. Within a reasonable time after conclusion of this action (not to exceed 30 days after the last appeal is final), counsel for the defendants shall either: (a) return to the Government all copies of the Protected Documents in their possession (including copies in the possession of any Authorized Person affiliated with defense counsel); or (b) certify to the Government that they have destroyed all such copies.

DATED this 29th day of August, 2017.

Respectfully submitted,

STEVEN W. MYHRE
Acting United States Attorney

/s/ *James A. Oronoz*
JAMES A. ORONOZ
Counsel for Defendant
Jocelyn Caprice Pineda

/s/ *Richard Anthony Lopez*
RICHARD ANTHONY LOPEZ
Assistant United States Attorney

/s/ *Chris T. Rasmussen*
CHRIS T. RASMUSSEN
Counsel for Defendant
Alan Rodriguez

/s/ *Raquel Lazo*
RAQUEL LAZO
Assistant Federal Public Defender
Counsel for Defendant
Jason Lee Roberts

**ORDER**

IT IS SO ORDERED this __30th__ day of __August__, 2017.

_____
HONORABLE GEORGE W. FOLEY
UNITED STATES MAGISTRATE JUDGE